IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXIS DEKANY, | ) | CASE NO. 5:16-cv-01829 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| CITY OF AKRON, OHIO, *et al.* | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |

## I.     Introduction

On November 23, 2016, Defendant Eric Paull filed a Motion for Protective Order seeking an order that Plaintiff Alexis Dekany be denied discovery of medical and psychological treatment records.  Doc. 30 ("Defendant Paull's Motion").   The Court referred Defendant Paull's Motion to the undersigned for a Report and Recommendation.  Doc. 31.  Plaintiff has filed a Memorandum Contra (Doc. 36) and Defendant Paull has filed a Reply (Doc. 40).

## II.     Summary of parties' arguments

Defendant Paull contends that a protective order is warranted because the discovery sought by Plaintiff is not relevant and/or is protected by a psychotherapist-patient privilege. Defendant Paull seeks a protective order for two categories of medical records, which the undersigned will refer to as "non-psychological medical record information" and "psychological medical record information."

Plaintiff argues that Defendant Paull's psychological medical record information is relevant to the claims she has brought against Defendant Paull and that Defendant Paull waived any privilege that would pertain to those records when he disclosed information regarding his

1

mental health therapy to third parties, including to the Summit County Court of Common Pleas in a publicly filed sentencing memorandum and to Plaintiff.

### III.  Law & Analysis

The Federal Rules of Civil Procedure authorize a party to "obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case[.]"[1]  Fed. R. Civ. P. 26(b)(1).  In assessing proportionality, the Federal Rules provide that the following are to be considered: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*  Generally, broad discovery is authorized under Fed. R. Civ. P. 26.  *See e.g., Rui He v. Rom*, 2016 WL 909405, * 2 (N.D. Ohio Mar. 10, 2016); *Schweinfurth v. Motorola, Inc.*, 2007 WL 6025288, *1 (N.D. Ohio Dec. 3, 2007).  Plaintiff bears the burden of demonstrating relevance of the discovery sought.  *See e.g., Schweinfurth*, 2007 WL 6025288, * 1 ("The movants bear the initial burden of showing that the discovery sought is relevant.") (internal citations omitted).

The Supreme Court has recognized the existence of a psychotherapist-patient privilege, holding that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffe v. Redmond*, 518 U.S. 1, 15 (1996).  In *Jaffe*, the Supreme Court observed that "[l]ike other testimonial privileges, the patient may of course waive the protection."  *Id.* at 15, n. 14.  The Sixth Circuit has held that "[a] patient may waive the psychotherapist-patient privilege by knowingly and voluntarily relinquishing it, such as by disclosing the substance of therapy sessions to unrelated third parties." *U.S. v. Kokoski*, 435 Fed.

---

[1] The proportionality criterion was added as part of amendments to the Federal Rules of Civil Procedure in 2015.

2

Appx. 472, 476-477 (6th Cir. 2011); *see also Simon v. Cook*, 261 Fed. Appx. 873, 887 (6th Cir. 2008) (recognizing waiver of the psychotherapist-patient privilege where an individual has placed his mental health at issue).

### A. Non-psychological medical record information

Plaintiff presents no argument as to the relevance of Defendant Paull's non-psychological medical record information.  Accordingly, the undersigned recommends that Plaintiff be precluded from seeking or obtaining discovery regarding Defendant Paull's non-psychological medical record information. *See e.g., Schweinfurth*, 2007 WL 6025288, * 1 (initial burden on movant to demonstrate discovery sought is relevant).

### B. Psychological medical record information

The undersigned finds that Plaintiff has made a sufficient showing that Defendant Paull's psychological medical record information is relevant to the claims or defenses raised in this case.  Further, the undersigned finds that the question is not whether the psychotherapist-patient privilege applies to Defendant Paull's psychological medical record information.  *Jaffe*, 518 U.S. at 15.  Rather, the question is whether Defendant Paull waived the privilege.

In arguing that no waiver occurred, Defendant Paull relies upon *In re Zuniga*, wherein the Sixth Circuit stated that, "as a general rule, the identity of a patient or the fact and time of this treatment does not fall within the scope of the psychotherapist-patient privilege."  714 F.2d 632, 640 (6th Cir. 1983).   He contends that the information contained in the sentencing memorandum and text messages submitted by Plaintiff in connection with her Memorandum Contra did not amount to a waiver because "the 'disclosures' made by Mr. Paull constitute unprivileged information, i.e., fact and time of treatment" and he did not disclose his "communications themselves and therapist notes."  Doc. 40, p. 3.   A review of the sentencing

3

memorandum reveals that Defendant Paull revealed more than the mere fact that he was receiving mental health treatment. For example, in his letter to Judge Corrigall Jones, attached as Exhibit B to his sentencing memorandum, Defendant Paull revealed among other information, his psychologist's diagnoses, types of therapy, medications prescribed, and response to treatment. Doc. 36-1, pp. 9-13. Additionally, Plaintiff submitted an Affidavit attesting that Defendant Paull shared with her various communications he had with his counselor. Doc. 36-2, p. 2.

Based on the foregoing, the undersigned recommends that Plaintiff be entitled to discovery regarding Defendant Paull's psychological medical record information on the basis that the information is relevant and a waiver of the psychotherapist-patient privilege occurred because Defendant Paull disclosed information regarding the substance of his psychological treatment to third parties.

Considering the sensitive nature of the records and information sought by Plaintiff, the undersigned also recommends that the Court enter a protective order consistent with Appendix L of the Local Rules prior to any order allowing discovery of Defendant Paull's psychological record information.

### IV.     Recommendation

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part and DENY in part** Defendant Paull's Motion for Protective Order (Doc. 30). For the reasons stated above, the undersigned recommends that the Court **Grant** Defendant Paull's Motion for Protective Order as it pertains to the Defendant Paull's non-psychological medical record information and that, subject to a protective order being entered to account for the sensitive

4

nature of the discovery being sought, the Court **DENY** Defendant Paull's Motion for Protective Order as it pertains to Defendant Paull's psychological medical record information.

December 7, 2016

Kathleen B. Burke
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).