UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXIS DEKANY, | ) | CASE NO. 5:16CV1829 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | |
| CITY OF AKRON, et al., | ) | <u>ORDER</u> |
| | ) | |
| | ) | |
| Defendants. | ) | |

On November 23, 2016, Defendant Eric Paull sought a protective order from this Court. Specifically, Paull sought to prevent discovery of his medical records and his mental health care records. On that same day, this Court referred the matter to Magistrate Judge Burke for a report and recommendation. Plaintiff Alexis Dekany opposed the motion on November 29, 2016, and Paull replied on December 5, 2016. On December 7, 2016, the Magistrate Judge issued a Report and Recommendation, opining that the motion should be granted in part and denied in part. Paull objected to the Report, and the Court now resolves those objections.

With respect to Paull's medical records, the Report concluded that a protective order should issue with respect to Paull's non-psychological medical records. Dekany did not challenge that aspect of the Report. Accordingly, that portion of the Report is ADOPTED and a protective order shall issue preventing discovery of Paull's non-psychological records.

With respect to his psychological records, Paull contends that the Report erred when it concluded that he had waived any privilege attached to those records. With respect to these type

of records, the Supreme Court has noted: "Because we agree with the judgment of the state legislatures and the Advisory Committee that a psychotherapist-patient privilege will serve a "public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth," *Trammel*, 445 U.S., at 50, 100 S.Ct., at 912, we hold that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). A patient may waive the psychotherapist—patient privilege by knowingly and voluntarily relinquishing it, such as by disclosing the substance of therapy sessions to unrelated third parties. *United States v. Hayes*, 227 F.3d 578, 586 (6th Cir.2000). The burden rests on the person invoking the privilege to demonstrate its applicability, including the absence of any waiver of it." *United States v. Bolander*, 722 F.3d 199, 222 (4th Cir. 2013). In addition to recognizing the privilege, the Sixth Circuit has held that "the identity of a patient or the fact and time of his treatment does not fall within the scope of the psychotherapist-patient privilege." *In re Zuniga*, 714 F.2d 632, 640 (6th Cir. 1983).

Paull relies heavily on *Zuniga* and its logic in support of his objection. Specifically, Paull contends that he did nothing more than disclose the fact that he was in treatment and did not disclose the substance of his therapy sessions. In addition, Paull notes that a district court in the District of Columbia has previously found no waiver when a patient "identified her mental health diagnoses and described to the Court what medications she was taking and the impact those medications had on her emotional and cognitive abilities." *United States v. Babarinde*, 126 F. Supp. 3d 22, 25 (D.D.C. 2015).

Upon review, this Court finds that Paull has not met his burden to demonstrate the absence of a waiver.  In her affidavit, Dekany swears that "Paull discussed his mental health and counseling" with her during their relationship.  Dekany's statement is bolstered by text messages sent to her by Paull.  Within those messages, Dekany asked Paul what his therapist had told him to do during a prior session.  Paull responded:  "Concentrated on my gun and depression and staying safe this week."  Doc. 36-2 at 3.  Paull continued:  "We did talk a lot about things to work on irritability anger and depression."  Doc. 36-2 at 3.  Paull also texted Dekany:  "It was ok … talked about anger management and control issues she wants me to log my anger incidents and all kinda [] stuff about them for the week."  Doc. 36-2 at 8.  In another text, Paull wrote: "Can you talk I want to share this paper I wrote for my counselor."  Doc. 36-2 at 11.  While arguing that he had not disclosed the *substance* of his sessions, Paull wholly ignores all of the evidence to the contrary presented in the above communications.  Those messages demonstrate time and again that Paull openly discussed the specific communications that occurred during his sessions with a third party, Alexis Dekany.  Accordingly, Paull has fallen well short of his burden to demonstrate the absence of a waiver of the privilege.  The Report made no error when it found waiver of the privilege.

Paull, however, also contends that the Report should have found that his mental health records were beyond the scope of discovery.  The Court finds no merit in this contention.  It is clear from the pleadings and the case management conference that Paull's mental health records could lead to the discovery of admissible evidence.  Those records may ultimately be used to rebut affirmative defenses and it is conceivable that they may bolster claims against the other defendants in this matter.  In any event, they are well within the broad scope of discovery permitted by the civil rules.

Finally, Paull contends that the Report erred when it did not place a temporal limitation in the records at issue.  In that respect, the Court agrees.  Paull's waiver is tied to his communications with Dekany about his counseling at or around the time of their relationship. Accordingly, only those records that were created from the inception of their relationship to the current date are subject to the waiver.  As such, the Report is modified to allow for discovery of all of Paull's psychological records from August of 2012 to the present.

Dekany shall forthwith re-issue her discovery requests with this limitation in mind.  The motion for a protective order is GRANTED IN PART AND DENIED IN PART as detailed in the Report and herein.

IT IS SO ORDERED.


Dated:  January 9, 2017                              */s/ John R. Adams*_____
                                                    JOHN R. ADAMS
                                                    UNITED STATES DISTRICT JUDGE