UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| ALEXIS DEKANY, | ) | CASE NO. 5:16CV1829 |
|---|---|---|
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| -vs- | ) ) ) | |
| CITY OF AKRON, et al., | ) ) ) | ORDER |
| Defendants. | ) | |

There are two motions presently pending before the Court. On June 14, 2017, Plaintiff Alexis Dekany sought leave to file her first amended complaint instanter. Doc. 169. On September 14, 2017, Defendant Eric Paull moved for judgment on the pleadings. Doc. 201. The motion to file the amended complaint (Doc. 169) is GRANTED. The motion for judgment on the pleadings (Doc. 201) is DENIED.

With respect to Paull's motion for judgment on the pleadings, Paull raises several arguments. First, Paull asserts that Dekany's claims are barred by the statute of limitations. In order to reach that result, Paull argues that the claims against him should be governed by the one-year statute of limitations applicable to claims of assault and battery under Ohio law. In so doing, Paull ignores that the claims against him are §1983 claims. If Paull's theory were to be adopted, then nearly every excessive force claim would be also be governed by the law surrounding battery rather than the law surrounding §1983 actions. As there is no precedent to support such an application of the law, Paull cannot demonstrate that the claims herein are time barred.

Paull also asks this Court to engage in a fact-intensive review to conclude that Dekany has not sufficiently plead that he acted under color of law. However, at the pleading stage, Dekany

has sufficiently placed Paull on notice of her allegation. The complaint alleges that on at least one occasion, Paull confronted both Dekany and her neighbors while in full police uniform. As such, Dekany has met her burden of placing Paull of notice of the claims against him.

Similarly, the Court declines to dismiss any of Dekany's individual claims at this time. In attempting to have those claims dismissed, Paull seeks to interpret the allegations against him in such a narrow manner as to claim that a singular incident gave rise to certain claims. The complaint is not plead in such a narrow manner and the Court declines to interpret it in that manner. Accordingly, Paull's motion for judgment on the pleadings is DENIED.

Similarly, Dekany's motion to amend her complaint is GRANTED. The arguments raised by the City of Stow Defendants were previously considered by this Court when it denied their motion to dismiss. As such, the Court declines to revisit those issues. Moreover, both the arguments raised by the City of Stow and Paull are more properly addressed through summary judgment following the conclusion of discovery. Accordingly, the Court will allow the first amended complaint. Dekany shall forthwith file her first amended complaint.

IT IS SO ORDERED.

Dated: November 8, 2017 /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE