UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXIS DEKANY, | ) | CASE NO. 5:16CV1829 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | |
| CITY OF AKRON, et al., | ) | <u>ORDER</u> |
| | ) | |
| | ) | |
| Defendants. | ) | |

The parties have each moved for leave to exceed the page limitations for dispositive motions. Docs. 259, 260, 261 and 264. The motions are GRANTED. Dispositive motions and responses in opposition to those motions may extend to 30 pages. In addition, the City of Akron and Eric Paull have moved to extend the dispositive motion deadline to January 19, 2018. Docs. 262 and 263. The motions are GRANTED.

Finally, pending before the Court is a motion in limine that seeks to disqualify an expert retained by Plaintiff. Doc. 249. Within the motion, Defendants contend that Gary Rini was previously retained by the City of Akron to act as an expert on its behalf in a § 1983 action. Defendants contend that this prior relationship creates a conflict of interest that requires this Court to exclude Rini from further participation. Counsel for Defendant Paull also has previously retained Rini for consultation in a criminal matter. The motion is DENIED.

Within her response, Plaintiff indicates that her retention of Rini was disclosed on September 6, 2017 in her mediation statement. Defendants did not move to exclude Rini until December 4, 2017. Defendants contend that their motion was timely because Rini was designated as Plaintiff's expert on December 1, 2017. However, if Defendants hold a *genuine* belief that Rini received and will utilize confidential information during his prior engagement, it defies logic that counsel would wait roughly three months to seek his exclusion. Moreover, there is no question that such a delay served to prejudice Plaintiff. If this Court were to disqualify Rini, it would have little choice but to extend deadlines yet again in this matter to allow Plaintiff to retain another expert. Of course, this extension would do nothing to replenish the funds that were no doubt paid to Rini during the three months in which Defendants took no action.

> The Sixth Circuit has explained the disqualification of an expert as follows:
>
> Courts generally apply a two-step inquiry to determine whether disqualification is proper. First, the court asks whether the adversary had a confidential relationship with the expert. Second, the court asks whether the adversary disclosed confidential information to the expert that is relevant to the current litigation. Some courts also consider policy objectives favoring disqualification, including preventing conflicts of interest and maintaining the integrity of the judicial process. The party seeking disqualification bears the burden of proving these elements.

*Ross v. Am. Red Cross*, 567 Fed. Appx. 296, 304 (6th Cir. 2014)(citations and quotations omitted). Defendants' general assertions that confidential information was shared with Rini are insufficient to meet their burden.

First, Defendants have wholly failed to identify with any specificity the confidential information that was shared with Rini. Even assuming that those generalities were sufficient, Defendants have also failed to demonstrate how that confidential information is relevant to the current litigation. The mere fact that Rini's prior relationship involved a § 1983 is insufficient. There can be little dispute that the claims presented herein stem from a unique factual basis. Given

that fact, the Court finds it highly unlikely that Rini's prior representation offered him access to confidential information that could in any manner be useful in this matter.

Based upon the delay in seeking Rini's exclusion and Defendants' failure to satisfy their burden, the motion in limine is DENIED.

IT IS SO ORDERED.


Dated: January 10, 2018 /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE