IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXIS DEKANY | ) | CASE NO.  5:16-CV-01829 |
| Plaintiff | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| CITY OF AKRON, et al. | ) | **MOTION TO STRIKE OR DISREGARD CONTENTS OF MOTION** |
| Defendants | ) | |
| | ) | |

Now come Non-Party Defendants City of Akron, Akron Police Department and Drew Kelly, by and through counsel, and hereby move the Court to strike a portion of Plaintiff's Motion for Reconsideration of the Court's March 28, 2019 Order for The City of Akron and Akron Police Department and Request for Limited Discovery (Doc. #411) (the "Motion"), or in the alternative to disregard a particular assertion by Plaintiff in the Motion.

At page three of the Motion, Dekany states,

> The newly discovered evidence was only recently revealed as the City has undertaken Defendant Paull's defense and paid his legal expenses to date, which created a situation in which he did not speak freely about the City's undocumented policy and customs until now.

(Page ID # 7959).

1

Initially, Dekany's assertion that the City's action "created a situation in which [Paull] did not speak freely about the City's [alleged] undocumented policy and customs" is wholly unsupported by evidence. Paull's affidavit that was filed soon after the Motion does not contain any testimony in support of Dekany's claim. It is Dekany's bald contention.

But cut to the apparent point of Dekany's assertion. It clearly insinuates that the City (through counsel) paid Paull's legal expenses as a scheme to control and silence his testimony in an effort to avoid §1983 municipal liability in this case. That assertion is false. And it's false in a way that impugns the ethics and integrity of the City, its Director of Law and counsel in this case without a shred of evidentiary support.

Counsel for the City was not present at any Court conferences, nor were they a part of any discussion between counsel for Dekany and Paull, wherein the payment of Paull's legal fees was addressed. Then Dekany filed the Motion, on the eve of trial and in a desperate attempt to reopen the claim against the City, which ascribes a motive to the City that is patently false.

Let this end all talk on the matter: ***The City provided for the defense of Paull in this case because it was required to do so by statute – R.C. 2744.07(A)(1).*** R.C 2744.07(A)(1) states that "a political subdivision ***shall*** provide for the defense of an employee…in any civil action…which contains an allegation for damages for injury…caused by an act or omission of the employee in connection with a government or proprietary function." (Emphasis added). Dekany's Complaint alleged that Paull acted under color of law. Dekany maintained throughout discovery, and in motion practice that Paull acted under color of law. The Court held that there is a question of fact as to whether Paull acted under color of law. Despite Dekany's baseless assertions, the Ohio General Assembly established a legal duty on behalf

2

of all political subdivisions in the State of Ohio to provide for the civil defense of their employees. A political subdivision may only be relieved of this statutory duty by "refus[ing] to provide an employee with a defense," and filing a motion with the court to that effect. R.C. 2744.07(D). Only if the court determines, upon motion and after hearing, that the City met its burden for relief, can the City be discharged of its duty to defend. *Id.* As such, the City did not "undertake" any representation of Paull. And there is certainly no evidence it did so under some quid pro quo agreement. There is absolutely no evidence that the City provided Paull a defense for a perverted purpose. Rather, the City merely complied with its statutory duty. Accordingly, the Court should strike the scandalous assertions from the record.

Respectfully submitted,

Eve V. Belfance – No. 0046787
Director of Law

/S/ John Christopher Reece
John Christopher Reece - No. 0042573
JReece@akronohio.gov
Michael J. Defibaugh – No. 0072683
MDefibaugh@akronohio.gov
Assistant Directors of Law
161 S. High Street, Suite 202
Akron, Ohio 44308
(330) 375-2030/FAX (330) 375-2041

## **PROOF OF SERVICE**

This is to certify that a true and accurate copy of the foregoing *Motion* was filed electronically this 18th day of September, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    /S/ John Christopher Reece
    John Christopher Reece