UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXIS DEKANY, | ) | CASE NO. 5:16CV01829 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| CITY OF AKRON, OHIO, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Plaintiff Alexis Dekany's Motion (Doc. 411 and Doc. 428) and Supplemental Motion (Doc. 446) for "Reconsideration," which Plaintiff concedes are properly construed together as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(2). (*See* Doc. 46, p. 1.) The matter has been fully briefed by Plaintiff and Defendant City of Akron. Having considered the parties' arguments and applicable law, the Court finds that Plaintiff Dekany falls short of her burden to show by clear and convincing evidence that she is entitled to relief from judgment based on newly-discovered evidence under Rule 60(b)(2). Accordingly, and for all of the reasons discussed below, the Court hereby **ORDERS** that Plaintiff's Rule 60(b)(2) motion (Docs. 411, 428 and 446) is **DENIED**. The Court further **ORDERS** that all other pending motions in this case are **DENIED AS MOOT.**

1

I. **INTRODUCTION**

The underlying action arises from an abusive relationship between Defendant Eric Paull, formerly a police officer with the City of Akron, and Ms. Dekany.  As a result of his abuse of Dekany, Paull pleaded guilty in state court to several offenses, including aggravated assault and menacing by stalking.  Dekany then filed the underlying 42 U.S.C. § 1983 civil rights action against Paull, the City of Akron, the Akron Police Department, and others.

Following discovery, including Dekany's deposition of Paull, this Court ruled on the parties' cross-motions for summary judgment. Two claims survived the summary judgment ruling: (1) Dekany's § 1983 excessive force claim against Paull; and (2) Dekany's claim against Paull under Ohio Revised Code § 2307.60.  The Court granted summary judgment to the City of Akron on all applicable claims.  Later, while trial preparations were underway, the parties filed a joint notice of dismissal with prejudice of Dekany's claims against Paull. The Court approved the notice of dismissal.

Around the same time, Dekany obtained a previously undisclosed affidavit from Paull. Dekany asserts that this affidavit attests to an unwritten policy within the Akron Police Department against mental health and substance abuse disclosures by its officers. Based on this affidavit, Dekany moved this Court to reconsider its summary judgment ruling as to her *Monell*-related claim and state law negligent hiring, training, retention, and supervision claim against the City of Akron. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). She also requested limited discovery, including another deposition of Paull, as to these claims.   The Court permitted the limited deposition of Paull, which proceeded after the United States Court of Appeals for the Sixth Circuit denied a mandamus petition advanced by Paull.  Dekany later filed a supplemental motion for relief from judgment (Doc. 446) on the same basis as her original

motion for relief (Doc. 411 and 426), citing Federal Rule of Civil Procedure 60(b)(2). At issue here is Dekany's Rule 60(b)(2) request for relief from judgment entered for the City of Akron on her *Monell* claim and state law claim for negligent hiring, training, retention, and supervision.

## II. DISCUSSION

Rule 60(b) enumerates circumstances under which relief from a final judgment may be available. The rule provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly-discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Application of Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014)). "Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). In addition, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler*, 749 F.3d at 509.

3

Here, Dekany cites Rule 60(b)(2) as grounds for relief from this Court's summary judgment ruling in favor of the City of Akron. In order to prevail on a Rule 60(b)(2) motion based on newly-discovered evidence, a movant must demonstrate that the newly-discovered facts were in existence at the time of trial or other dispositive proceeding, that the movant exercised due diligence in obtaining the information and that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment. *Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir.1998).

Here, Dekany asserts that Paull's affidavit is newly-discovered evidence. The Court disagrees. The Paull affidavit is "new" only to the extent it results from a Rule 41(a) dismissal conversation between Dekany and Paull's counsel, and was executed at the time of Paull's dismissal. However, it is not newly-discovered evidence sufficient to sustain a Rule 60(b)(2) motion, for several reasons.

First, Dekany fails to demonstrate by clear and convincing evidence that she exercised the requisite due diligence to be entitled to relief from judgment under Rule 60(b)(2). Dekany deposed Paull for the first time during the lengthy and protracted discovery phase of this case, at which time counsel had ample time and opportunity to question Paull regarding the City of Akron's practices, policies, procedures, training and education concerning the disclosure of mental health or substance abuse issues. Indeed, counsel questioned Paull at length about his own treatment. (*See* Paull Depo. at 124-126, 134-135, 139-149, 163-167, 261-274.)

In her motions requesting relief from judgment, Dekany asserts that she did exercise due diligence in discovery regarding City policies and argues that further questioning Paull regarding the City's policies on substance abuse and mental health training, disclosures, and treatment would have been futile. Dekany contends that, prior to his dismissal from the case, Paull would

4

not have been forthcoming with information about the City's alleged policies because the City paid for his defense in the case. She insinuates that the City and its counsel paid Paull's legal expenses, including the attorney fees billed by Paull's independent counsel, as a scheme to control his testimony, and avoid liability under 42 U.S.C. § 1983.

Dekany fails to provide any evidentiary support for this claim. The Court agrees with Dekany and has acknowledged multiple times on the record that the circumstances of this matter have created the potential for a conflict of interest when the City's interests have not been aligned with or were in opposition to Paull's interests. Specifically, the City may have been in a position to intentionally or unintentionally exert undue influence on Paull with regard to his testimony where the City retained and paid for legal counsel for its former employee Paull under the auspices of R.C. 2744.07(A)(1). However, despite this concerning possibility, Dekany has not affirmatively shown by clear and convincing evidence that any such conflict actually resulted in the suppression of Paull's testimony in this particular matter. Indeed, Paull testified in deposition that he did not know who was paying his counsel or if counsel had been paid at all (Paull Dep. p. 119, ln. 25 – p. 123, ln. 2.) According to Paull's deposition testimony following his dismissal from the case, Paull did not speak with the City's attorneys except with respect to retaining his independent counsel, he did not discuss fees with the City, and he did not discuss fees with his own counsel. (*Id.*; *Id.* p. 123, lns. 5 – 9.) Although the potential for conflict is significant and troubling to the Court under the circumstances of this case, where the City hired legal counsel and paid the legal fees for a convicted felon whose criminal culpability and concurrent potential civil liability arose when he was an active Akron Police Department officer, Paull's affidavit and depositions are devoid of any testimony to the effect that the City's payment of fees dissuaded Paull from freely offering testimony or responding to questions

5

during the discovery period in this matter. Accordingly, Dekany has not presented evidence to this Court that the City's provision of a defense for Paull and payment of his legal fees prevented Plaintiff's counsel from further productive inquiry about Paull's knowledge of the City's substance abuse and mental health policies and procedures.

Moreover, even if Paull had been inclined to withhold information damaging to the City, Paull was not the sole source of information about the City's policies regarding substance abuse and mental health disclosures, training, and treatment. Nonetheless, Dekany elected to forgo questioning of any policymaker within the City of Akron Police Department prior to the Court's summary judgment ruling. The Court believes that an exercise of due diligence would have required the deposition of at least one such policymaker. Thus, under the circumstances, the Court finds that Dekany did not exercise the requisite due diligence in obtaining information about the City's policies regarding substance abuse and mental health disclosures, training, and treatment. Accordingly, Paull's affidavit does not qualify as "newly-discovered evidence" that might entitle Dekany to relief from judgment under Rule 60(b)(2).

Even putting aside the lack of due diligence in discovery, Dekany is not entitled to Rule 60(b)(2) relief because the purported newly-discovered evidence would not have produced a different result if presented prior to summary judgment. Neither Paull's affidavit nor his deposition testimony support Dekany's *Monell* claim or her state law negligent hiring, training, retention, and supervision claim against the City of Akron.

Paull's affidavit and follow-up deposition testimony fail to establish any material facts that would have precluded summary judgment for the City. Instead, the affidavit is a belated, unsubstantiated recitation of the subjective beliefs and feelings of a convicted felon. In his affidavit, Paul states **"*I believe*"** or **"*I feel*"** that:

6

- his diagnosed depression, anxiety and PTSD that require medication and support were greatly exacerbated by being a police officer in the Akron Police Department;

- his mental health problems and alcohol abuse problems directly contributed to and were the cause of the criminal actions that resulted in Paull pleading guilty to six felonies and one misdemeanor, including: (1) aggravated assault; (2) tampering with evidence; (3) menacing by stalking; (4) three counts of unauthorized use of OHLEG; and (5) violating a protection order;

- the Akron Police Department had an unwritten policy to discourage any mental health disclosures or substance abuse disclosures by Paull or other officers;

- the Akron Police Department officers were not trained appropriately to investigate claims against other officers when it involved mental health issues and substance abuse;

- the unwritten policy by the Department of shame for seeking mental health and substance abuse treatment led to his inability to get help at an earlier time or accept earlier accountability for his criminal actions.

(Doc. 413) (emphasis added).

With regard to Dekany's *Monell* claim, Paull's affidavit setting forth his personal feelings and beliefs does not constitute admissible evidence. Only admissible evidence may form the basis for a Rule 60(b)(2) motion. *Kimble v. Hoso*, No. 4:03CV2379, 2008 WL 240964 at *2 (N.D. Ohio June 11, 2008). Evidence is admissible only if it is relevant. Fed. R. Evid. 401. Relevant evidence is evidence that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* Paull's affidavit lacks factual evidence, and instead consists almost entirely of Paull's subjective opinions and emotions. The fact that Paull has personal "beliefs" and feelings" about alleged unwritten policies of the Akron Police Department with regard to mental health and substance abuse training and assistance for employees has no bearing on any fact of consequence to the determination of Dekany's *Monell* claim, and is

7

therefore not admissible evidence. Thus, Dekany is not entitled to relief from judgment under Rule 60(b)(2) based on such information. *Id.*

Even if the Court were to assume the relevancy of Paull's affidavit, the affidavit and Paull's deposition testimony would not save Dekany's *Monell* claim. Dekany asks for the extraordinary relief afforded under Rule 60(b)(2) on the grounds that Paull's affidavit purportedly establishes the existence of an "undocumented policy of shaming officers for seeking mental health and substance abuse treatment[,]" which "led to Defendant Paull's inability to get help and be held accountable for his actions prior to the clear harm and constitutional violations suffered by Plaintiff Dekany[,]" (Doc. 411, Page ID# 7961.) However, Paull's testimony is insufficient to support a *Monell* claim.

To prevail on a § 1983 *Monell* claim, Dekany would have to show that a particular municipal policy or custom caused the alleged constitutional violation. *Thomas v. City of Chatanoogo*, 398 F.3d 426, 429 (6th Cir. 2005), citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978)`` To impose liability on the basis of *Monell*, Dekany must first identify a municipal policy. Dekany must also establish that the municipal action was taken with the requisite degree of culpability, and that the policy or custom is the moving force behind her alleged constitutional deprivations. *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Bd. Of Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Searcy v. City of Dayton*, 38 F.3d 282 (6th Cir. 1994). A municipality acts with the requisite culpability if its action is taken with deliberate indifference as to its known or obvious consequences. *Bryan Cnty.*, 520 U.S. at 407, 117 S.Ct. 1382; *City of Canton v. Harris*, 489 U.S. at 288, 109 S.Ct. 1197. The plaintiff must demonstrate that the municipality was the "moving force" behind the plaintiff's constitutional injury. *Bryan Cnty.*, 520 U.S. at 404, 117

8

S.Ct. 1382; *City of Canton v. Harris*, 489 U.S. at 288. "[T]his is a causation inquiry, requiring the plaintiff to show that it was the defendant's custom or policy that led to the complained of injury." *Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 608 (6th Cir. 2007).

Although Dekany summarily describes her *Monell* claim as one of an "unwritten policy" of shaming police officers for mental health and substance abuse issues, the substance of her argument reveals that her *Monell* claim is actually founded on the City's alleged lack of policy or deficient policy of training and assistance of police officers with respect to mental health problems and substance abuse. Dekany claims that her constitutional rights were violated by Paull's actions toward her as a result of the Akron Police Department's deficient training and assistance policy. She argues that such problems were ignored at the Akron Police Department, that there was no effective policy to address them, and that officers were ashamed to admit to them for fear of gossip, rumors, and stereotyping.

In making this argument, Dekany relies on Paull's testimony. Paull testified that the Akron Police Department did not offer any courses on Victim Awareness or Mental Health First Aid to officer and that "it would be really great if there was some kind of mental health training for Officers." (Doc. 445-1, PageID 8248-8249.) Paull stated that while there are classes, trainings, and seminars that deal with alcohol abuse, none are offered in the Akron Police Department. (*Id.*, PageID 8186.) He stated his belief that most officers have alcohol problem, and that alcohol is abundant at department functions. (*Id.*, PageID 8173.) He further testified that the Akron Police Department had only very basic training regarding mental health. (*Id.*, PageID 8181-8182.) Paull cited examples of other officers who he believes have alcohol, drug, and/or mental health issues, including some who faced rumors and gossip due to those alleged problems. (*Id.*, PageID 8166-8168, 8176, 8172-8173.) He stated that the Akron Police

9

Department did not do anything to stop the rumors and gossip. (*Id.*, PageID 8181-8182.) Paul further testified that he did not feel safe talking to anyone at the Akron Police Department about the couple of times that he drank too much and put a gun in his mouth while feeling depressed. (*Id.*, PageID 8250.) The department did not require him to seek help after an OVI offense. According to Paull, he would never have told anyone at the Akron Police Department that he was depressed, an alcoholic, or had suicidal ideations. (*Id.*, PageID 8211-8212.) Paull testified that he "believes" and "feels" that the Police Department's deficient policy prevented him from getting help for his mental health and alcohol problems, and that those problems in turn caused his criminal actions toward Dekany. (Doc. 413.)

*Monell* liability may be based on inaction or gaps in a policy "in the face of obvious or known risks." *J.K.J. v. Polk County*, 960 F.3d 367, 378 (7th Cir. 2020). A city's policy of inaction in light of adequate notice that its program will cause constitutional violations is equivalent to deliberate indifference and is the functional equivalent of a decision by the city itself to violate the Constitution. *Connick v. Thompson*, 563 U.S. 51, 61-62, 131 S.Ct. 1350, 179 L.Ed.417 (2011). "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty Comm'rs v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (internal quotations omitted). "In other words, the risk of a constitutional violation arising as a result of the inadequacies in the municipal policy must be 'plainly obvious.'" *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) (quoting *Bd. of Cnty. Comm'rs*, 520 U.S. at 412, 117 S.Ct. 1382). "Where a plaintiff claims that a municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its

employee" under the prohibited theory of respondeat superior. *Bd. Of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.#d.2d 626 (1997).

A plaintiff may meet the stringent "deliberate indifference" standard in two ways. Proof of deliberate indifference is established only by showing either (1) "prior instances of unconstitutional conduct demonstrating that the City had notice that the [policy] was deficient and likely to cause injury but ignored it," *see Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) (quoting *Bd. of Cnty. Comm'rs*, 520 U.S. at 412, 117 S.Ct. 1382), or (2) evidence of a single violation of federal rights, where constitutional violation at issue is a "patently obvious" consequence of the municipality's deficient policy or failure to act. *Bryan Cnty.*, 520 U.S. at 409, 117 S.Ct. 1382. A plaintiff bears the burden of establishing "deliberate indifference" of the part of a defendant city. *See R.A. v. City of New* York, 206 F.Supp.3d 799, 803 (E.D.N.Y. 2016). Here, the Court finds that Dekany lacks a legally insufficient basis to show that the City of Akron was deliberately indifferent to a known or obvious risk that its policies would lead to the constitutional violations she alleges.

First, Dekany does not argue deliberate indifference based on any recurring constitutional violations in this context. Although she cites Paull's testimony that a number of officers struggled with mental health issues and substance abuse problems, faced rumors, gossip, and stereotyping as a result of those problems, and in some cases committed criminal acts (OVI), she does not allege or provide any proof that those officers committed constitutional violations of any type, let alone the type of egregious constitutional violations she allegedly suffered at Paull's hands. Accordingly, Dekany has not shown that the city was deliberately indifferent in the face of prior unconstitutional conduct by its officers that would have put the

City on notice that any policy related to mental health and/or substance abuse training, education, or assistance was deficient.

Second, Dekany does not attempt to explain how Paull's criminal conduct – the conduct that gave rise to the constitutional violations she alleges – was a patently obvious result of the absence within the Akron Police Department of adequate mental health and substance abuse training and assistance policies. To establish deliberate indifference based on obviousness, Dekany must show that the City of Akron was on notice that it was highly predictable that Paull would commit illegal acts against her, including aggravated assault and menacing by stalking, as a result of the City's failure to train or develop policies regarding officer mental health and substance abuse. Courts have held that an officer's decision to commit an illegal act, including an act of assault, is not the patently obvious result of a deficient policy, but rather is a conscious criminal choice on the part of the officer, the type of which further training or supervision would not prevent. *See, e.g.*, *R.A. v. City of New York*, 106 F. Supp. at 803-804 (no showing of deliberate indifference to create *Monell* liability even where city knew that a domestic-violence officer had a propensity for starting sexual relationships with women in domestic-violence cases); *Noonan v. City of New York*, No. 14CV4084, 2015 WL 3948836 at *4 (S.D.N.Y. June 26, 2015) (the decision to commit the blatantly criminal act of sexual assault was not a basis for municipal deliberate indifference); *Doe v. City of New York*, No. 09 CIV 9895, 2013 WL 796014 at *3 (S.D.N.Y. Mar. 4, 2013) (no deliberate indifference because additional training or supervision would not have prevented an officer's personal criminal decision to rape an intoxicated Jane Doe in responding to a 911 call). Thus, criminal activity cannot, under most circumstances, serve as evidence of municipal deliberate indifference that might give rise to *Monell* liability.

This Court agrees that Paull's independent personal choice to commit criminal acts does not evidence deliberate indifference by the City of Akron under the circumstances here. The constitutional violations that Dekany alleges arose from criminal activity that was Paull's conscious choice (and to which he pled guilty) and thus was not the patently obvious consequence of any training or policy deficiency within the Akron Police Department. Indeed, Paull himself testified at length that other officers in addition to himself had mental health and substance abuse problems, but his affidavit and deposition are devoid of testimony that other officers' problems compelled them to violate the federal rights of a third party in the manner alleged by Dekany. Thus, it cannot be said that the City of Akron was on notice of potential constitutional rights violations arising from its mental health and substance abuse policies such that the City acted in a way that was deliberately indifferent to those rights. Accordingly, there is no basis in this case to premise *Monell* liability on inaction by the City of Akron, or gaps in the City's mental health and substance abuse training and policies, because Paull's criminal acts were not "obvious or known risks."

Finally, Dekany fails to provide evidence of a causal link between the City's policies and Paull's criminal conduct that purportedly infringed upon her constitutional rights. As discussed, Paull's criminal activity that allegedly violated her rights was the result of his personal choices. Second, Paull's affidavit and deposition testimony are the only evidence upon which Dekany bases her *Monell* claim. Yet, Paull's own subjective feelings and beliefs that his mental health problems and alcohol abuse led to his criminal activity and would have been prevented by additional training and better policies are not evidence of causation. Rather, they are merely the speculative statements of a non-expert convicted felon and disgraced former employee of the Akron Police Department. Paull's testimony alone does not suffice to show that municipal

13

policy was the driving force behind Dekany's alleged constitutional harm.  Thus, Dekany has not met the rigorous standard of causation required to establish liability on behalf of the City of Akron under *Monell*.

For the reasons discussed, Dekany has not provided sufficient evidence to raise a question of fact for a jury to decide on her *Monell* claim against the City of Akron, Paull's affidavit and post-judgment deposition testimony notwithstanding.  Accordingly, and because the Court has determined that Dekany did not exercise due diligence in obtaining Paull's testimony during pre-judgment discovery, she has not shown by clear and convincing evidence that she is entitled to Rule 62(b)(2) relief predicated upon newly-discovered evidence.  The Court therefore rejects Dekany's plea for relief from judgment on her *Monell* claim.

Likewise, the Court denies relief from judgment under Rule 60(b)(2) on Dekany's state law tort claim for negligent hiring, training, retention, and supervision.  Dekany's newly-discovered evidence argument disregards that this Court found that these claims fail as a matter of law because the City of Akron is immune from causes of action in tort under R.C. 27044.02(A).  (March 28, 2019 Order, Doc. #350, Page ID# 7222-72224.)  Indeed, the provision of police services and protection is a governmental function, R.C. 2744.02(C)(2)(a), and no exception to immunity under R.C. 2744.02(B)(1)-(5) applies.  *See Brady v. Bucyrus Police Dept.*, 194 Ohio App.3d 574, 2011-Ohio-2460; *Snyder v. United States*, 590 Fed. Appx. 505. 514) (6th Cir. 2014); *DiGiorgio v. Cleveland*, 8th Dist. No. 95945, 2011-Ohio-5878, 2011 WL 5517366 (finding no exception to immunity set forth in R.C. 2744.02(B) for negligent hiring, training, or retaining police officers); *O'Brien v. Olmstead Falls*, 8th Dist. Cuyahoga Nos. 89966 and 90336, 2008-Ohio-2658, 2008 WL 2252527, ¶ 39 (finding trial court properly granted

summary judgment on spoliation claim against municipality because municipality is immune from intentional torts under R.C. 2744.02).

Accordingly, any argument by Dekany that Paull's affidavit is newly-discovered evidence to support a claim for negligent hiring, retention, training, and supervision under state law is irrelevant. The City is entitled to immunity under R.C. 2744.02(a), and, therefore, Paull's affidavit does not raise a genuine issue of material fact that would change the outcome of the Court's summary judgment ruling. Under these circumstances, Dekany is not entitled to Rule 60(b)(2) relief from judgment on Dekany's state law tort claim.

For all of the foregoing reasons, Dekany has not established by clear and convincing evidence that she is entitled to relief from judgment on her *Monell* and state law tort claim under the Rule 60(b)(2) provision for such relief based on newly-discovered evidence. Paull's affidavit and post-judgment deposition testimony do not establish a basis for the Court to reconsider the grant of summary judgment to the City of Akron on these claims. Accordingly, Dekany's motion requesting relief from judgment is denied.

### III.    CONCLUSION

For all of the reasons discussed, Plaintiff falls short of her burden to show that she is entitled to relief from judgment under Federal Rule of Civil Procedure 60(b)(2). Paull's affidavit and post-judgment deposition testimony do not constitute newly-discovered evidence that would afford Dekany a basis for relief under the rule. Accordingly, the Court hereby **ORDERS** that Plaintiff Alexis Dekany's Rule 60(b)(2) Motion for Relief from Judgment (Doc. 411, 428 and 446) is **DENIED**. The Court's summary judgment ruling in favor of the City of Akron on Dekany's *Monell* and state law tort claim remains in effect in its entirety. The Court further **ORDERS** that any and all other motions pending in this case are **DENIED AS MOOT.**

IT IS SO ORDERED.

DATED: January 9, 2023               */s/ John R. Adams*
                                                                         John R. Adams
                                                                        UNITED STATES DISTRICT JUDGE